| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------x
DAVID ROBINSON,

                Plaintiff,                    **MEMORANDUM AND ORDER**

             -against-                      07-CV-3646 (ERK)

DR. WALSH, Lutheran Hospital,

                Defendant.
-----------------------------------------------------------------x
KORMAN, United States District Judge:

       Plaintiff David Robinson, a prisoner incarcerated at Marcy Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983 against the surgeon who performed surgery on him after he was injured during the course of an arrest on June 5, 2004. In a separate action, Plaintiff brings suit against Detective Velasquez for allegedly causing the injuries. See Robinson v. Velasquez, 07 CV 3645 (ERK).[1] The August 31, 2007 order consolidating these two actions is hereby vacated, and the Clerk of Court is directed to reopen this case. I grant Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismiss the medical malpractice and negligence claims against defendant, and direct Plaintiff to replead, as set forth below.

## BACKGROUND

       Plaintiff alleges that defendant Dr. Walsh performed surgery on his leg at Lutheran Hospital on June 5, 2004, but that the surgery was performed incorrectly. Moreover, he alleges that defendant improperly discharged him to the 72nd Police Precinct, knowing that he would not receive further medical treatment. Plaintiff alleges that as a result, his leg did not heal properly,

---

[1] Both actions were received in the District Court for the Southern District of New York on June 7, 2007 and transferred to this Court by Order dated August 14, 2007.

he has very little feeling in his right leg, he continues to experience excruciating pain in his back, and he still cannot walk independently.

## DISCUSSION

A. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

However, a *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers . . . .'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Indeed, a *pro se* plaintiff's complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

2

B. Negligence and Medical Malpractice

The relief Plaintiff seeks is "compensatory, punitive, and pain and suffering damages for the malpractice, neglegence that I am induring" [*sic*]. (Complaint at 5.) Medical malpractice and negligence actions are ordinarily state law claims that would not come within the jurisdiction of the federal courts. As the United States Supreme Court has held, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Moreover, merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 333 (1986) (due process protections are not triggered by lack of due care by state officials); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (although negligence of prison official led to prisoner's serious injury, constitution requires no procedure to compensate injury arising from negligence). Therefore, Plaintiff's malpractice and negligence claims against Dr. Walsh are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

C. Leave to Replead Inadequate Medical Treatment

In light of Plaintiff's *pro se* status, and liberally construing the complaint, the Court considers whether Plaintiff has stated a claim for violation of his constitutional rights that might be cognizable under 42 U.S.C. § 1983 ("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of *state* law." Pitchell v. Callan, 13 F.3d 545, 547 (2d

Cir. 1994) (emphasis added).[2]  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

In order to state a cognizable claim that inadequate medical treatment gave rise to a constitutional deprivation, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106 (considering Eighth Amendment violations of convicted prisoners); see also Cuoco, 222 F.3d at 106 (applying the deliberate indifference standard to the Fourteenth Amendment rights of pretrial detainees). In order to meet this standard, a plaintiff must show that the prisoner or detainee was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). He must also show that the official "knows that inmates [or detainees] face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

## CONCLUSION

Accordingly, the Complaint alleging medical malpractice and negligence claims against Dr. Walsh is hereby dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B), with leave to replead within 30 days, as set forth above. See Cuoco, 222 F.3d at 112. Plaintiff should specify how defendant may have violated his constitutional rights through deliberate indifference to his serious medical needs, including any supporting facts about his medical needs, the care he

---

[2] Although Dr. Walsh appears to be a private physician at a private hospital, the Complaint implies that he was acting under the direction of police officers. See West v. Atkins, 487 U.S. 42, 55-57 (1988) (private physician providing medical services to state prisoners acts under color of law).

4

received, Dr. Walsh's involvement, and the dates of treatment. Moreover, if any other officials were involved, he may name them in the caption and specify their roles. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

If Plaintiff fails to replead within the time allowed, judgment dismissing the Complaint in its entirety shall be entered. Once submitted, the Amended Complaint shall be reviewed for compliance with this order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B). No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal taken from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*Edward R. Korman*
EDWARD R. KORMAN, U.S.D.J.

Dated: Brooklyn, New York
November 8, 2007